· STATE *vs.* FRANK E. CARKIN.

Knox.   Opinion April 3, 1897.

*Pleading.   Indictment.   Embezzlement.   R. S., c. 120, § 7.*

An indictment for embezzlement is insufficient which simply charges that the
defendant did by virtue of his office and employment have, receive and take
into his possession certain money to a large amount ; and does not charge
that the defendant embezzled or fraudulently converted such money, or any
money, to his own use.   Such a material omission in an indictment that fails
to express the gravamen of the crime of embezzlement can not be supplied
by intendment.

ON EXCEPTIONS BY DEFENDANT.

An indictment for embezzlement, to which the defendant de-
murred.   The demurrer was overruled and the defendant excepted.

INDICTMENT.

STATE OF MAINE.

KNOX ss.

At the Supreme Judicial Court, begun and holden at Rockland
within and for the County of Knox, on the second Tuesday of
March in the year of our Lord one thousand eight hundred and
ninety-two.

The Grand Jurors for said State upon their oath present, that
Frank E Carkin of Appleton in the said County of Knox, on the
first day of December in the year of our Lord one thousand eight
hundred and eighty-seven at Appleton in said County of Knox,
being then and there an officer to wit: the treasurer and collector
of the town of Appleton, aforesaid, the said town of Appleton
being then and there a municipal corporation duly and legally
organized and established, under and by virtue of the laws of the
State of Maine, the said Frank E. Carkin not being then and there
an apprentice to the said town of Appleton, a municipal corpora-
tion organized and established as aforesaid, nor a person under the
age of sixteen years, did then and there by virtue of his said office
and employment, have, receive and take into his possession certain
money, to a large amount, to wit, to the amount of thirteen hun-

dred and sixty-five dollars and of the value of thirteen hundred and sixty-five dollars of the property and money of the said town of Appleton, a municipal corporation organized and established as aforesaid, the said Frank E. Carkin's said employer ; whereby and by force of the statute in such case made and provided the said Frank E. Carkin is deemed to. have committed the crime of larceny.

And so the jurors aforesaid upon their oath aforesaid, do present and say, that the said Frank E. Carkin then and there in manner and form aforesaid, the said money of the property of the said town of Appleton, a municipal corporation organized as aforesaid, the said Frank E. Carkin's said employer, from the said town of Appleton a municipal corporation organized as aforesaid, feloniously did steal, take and carry away, against the peace of said State and contrary to the form of the statute in such case made and provided.

The jurors for said State upon their oath do further present, that Frank E. Carkin of Appleton in said County of Knox, on the first day of December in the year of our Lord one thousand eight hundred and eighty-seven, at Appleton in said County of Knox, was then and there an officer, to wit: the treasurer and collector of the town of Appleton, said town of Appleton then and there being a municipal corporation incorporated and duly and legally established and organized and existing as a municipal corporation under and by virtue of the laws of the State of Maine, he the said Frank E. Carkin not being then and there an apprentice to the said town of Appleton, nor a person under the age of sixteen years, did then and there by virtue of his said office as treasurer as aforesaid, and while he continued and was employed in his said office as treasurer as aforesaid, have receive and take into his possession certain money to a large amount, to wit, to the amount of thirteen hundred and seventy-five dollars, and of the value of thirteen hundred and seventy-five dollars, of the goods, property and money of the said town of Appleton, then and there unlawfully, fraudulently and feloniously did embezzle and convert to his own use, without the consent of the said town of Appleton,

Whereby and by force of. the statute in such case made and provided, the said Frank E. Carkin is deemed to have committed the crime of larceny.

And so the jurors aforesaid upon their oath aforesaid do present and say that the said Frank E. Carkin on said first day of December in the year of our Lord one thousand eight hundred and eighty-seven, at Appleton aforesaid in the County of Knox aforesaid, in manner and form aforesaid, the said money the property of the said town of Appleton, from the said town of Appleton, feloniously did steal, take and carry away,· against the peace of said state and contrary to the form of the statute in such case made and provided.

*W. R. Prescott*, County Attorney, for State.

*W. H. Fogler*, for defendant.

SITTING: PETERS, C. J., WALTON, HASKELL, WHITEHOUSE, STROUT, JJ.

WHITEHOUSE, J.   This is an indictment against the respondent as " treasurer and collector " of the town of Appleton in which there is an apparent attempt to charge him with the crime of embezzlement.   The defendant filed a general demurrer which was overruled by the presiding justice, and the case comes to this court on exceptions to this ruling.

This indictment is based on section seven of chapter 120 of the revised statutes, and contains two counts.

In the first count it is alleged that the defendant was " an officer, to wit, the treasurer and collector of the town of Appleton " and that by " virtue of his said office and employment he did then and there have, receive and take into his possession certain money to a large amount, to wit, to the amount of $1365, of the property and money of said town." It will be observed, however, that here there is not only an omission to specify whether he received this money in his capacity as treasurer, or by virtue of his office as collector, but there is an entire absence of any averment whatever that he embezzled or fraudulently converted to his own use either this money or any other.

This count, therefore, wholly fails to charge him with a crime by embezzling money, but only credits him with the performance of an official duty in receiving it.

The second count like the first, avers that he "was then and there an officer, to wit, the treasurer and collector of the town of Appleton," but avers that he "did then and there by virtue of his said office as treasurer  .  .  .  . have receive and take into his possession certain money to a large amount, to wit, to the amount of $1375  .  .  .  . of the goods and money of the said town of Appleton, then and there unlawfully, fraudulently and feloniously did embezzle and convert to his own use, without the consent of the said town of Appleton."  Here was an evident attempt on the part of the pleader to introduce the indispensable averment of a fraudulent conversion, but by an inadvertent change in the order of the several clauses of the sentence above quoted, and the omission to state the object of the verb "embezzle and convert," he again failed to charge that the respondent fraudulently converted the money which he had taken into his possession by virtue of his office as treasurer, or any other money or thing whatsoever.

While it is undoubtedly true, as observed by Mr. Bishop, (1 Crim. Proc. § 356) that "sound sense" should be consulted to the "disregard of captious objections, in looking for the meaning of the allegations in the indictment," it is the opinion of the court that such a material omission, as is found in this case, in the language employed to express the gravamen of the crime of embezzlement, ought not to be supplied by intendment.

*Exceptions sustained.*
*Indictment adjudged bad.*